1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9     MELVIN WINCE,                                    CV F  07-1387  AWI SMS P

10                            Plaintiff,
                                                       ORDER DENYING MOTION FOR RULING
11          v.                                         ON CASE (Doc. 7.)

12    ISMAIL, et. Al.,
13
                              Defendants.
14    _____/

15
16          Melvin Wince ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17    this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on

18    October 6, 2006.  On April 6, 2007, Plaintiff filed a pleading titled "Motion/Request for Ruling

19    on Case."  Plaintiff requests that the Court rule on his case since it has been pending for some

20    time.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

4    467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

5    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

6    complaint under this standard, the court must accept as true the allegations of the complaint in

7    question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

8    pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

9    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10        As is evidenced by Plaintiff's Motion, Plaintiff is aware that his case must be screened

11    before the Court can order service of the Complaint.  However, the Court has an overwhelming

12    number of similar civil rights actions pending before it that also need the Court's attention with

13    regard to screening.  Approximately 60% of the cases reviewed in the Eastern District are cases

14    involving prisoners. Plaintiff can rest assured that the Court will examine his case as soon as it

15    can but the Court examines cases in the order that they are filed.  In the meantime, Plaintiff

16    should ensure that he keeps the Court informed of his current address at all times so that he will

17    receive any orders issued regarding his case.

18        Accordingly, the Court HEREBY ORDERS:

19        1.        The Motion for Ruling is DENIED.

20    IT IS SO ORDERED.

21    **Dated:    April 13, 2007**                _____/s/ Sandra M. Snyder_____
                                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28