IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WINCE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ISMAIL, et al.,<br><br>　　　　Defendants. | 1:06-cv-01387-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 19.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.  BACKGROUND

Plaintiff is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the complaint initiating this action on October 6, 2006. The case proceeds on the original complaint against defendants Dr. Patel Ismail and Carrie Armstreny, R.N., on plaintiff's medical care claim under the Eighth Amendment. (Doc. 1.)

On October 30, 2008, the court issued an order directing the United States Marshal to serve process upon defendants Ismail and Armstreny. (Doc. 12.) On February 24, 2009, defendant Ismail filed a Waiver of Service. (Doc. 14.) On March 17, 2009, defendant Ismail filed an answer to the complaint. (Doc. 15.) On April 13, 2009, the Marshal filed a return of service unexecuted as to defendant Armstreny, indicating that the Marshal was unable to locate Armstreny for service. (Doc. 17.)

On May 1, 2009, the court issued an order for plaintiff to show cause, within thirty days, why defendant Carrie Armstreny should not be dismissed from this action. (Doc. 19.) In the alternative,

1

plaintiff was ordered to file a written notice of non-opposition to the dismissal of defendant Carrie Armstreny. Id. Plaintiff was forewarned in the order that his failure to comply with the order would result in a recommendation that this action be dismissed. Over fifty days have passed, and plaintiff has not complied with or otherwise responded to the court's order.

## II.    DISMISSAL OF ACTION FOR FAILURE TO COMPLY

In determining whether to dismiss this action in its entirety for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than two years. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by filing a written response to the court's order to show cause whether one of the defendants should be dismissed. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to prosecute his own case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The court could dismiss only defendant Armstreny and allow the case to proceed against defendant Ismail; however, if Plaintiff is not interested in pursuing this case, the Court should not unnecessarily prolong the litigation against the other defendant in this case.

1  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and
2  given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.
3  Inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short
4  of issuing the harshest possible sanction of dismissal with prejudice.  Moreover, plaintiff shall have an
5  opportunity to file objections to these findings and recommendations if he wishes to be heard.

6  Finally, because public policy favors disposition on the merits, this factor will always weigh
7  against dismissal.  Id. at 643.

**III.    RECOMMENDATION**

9  Based on the foregoing, the undersigned HEREBY RECOMMENDS that this action be
10 dismissed without prejudice based on plaintiff's failure to obey the Court's order of May 1, 2009.

11 These findings and recommendations are submitted to the United States District Judge assigned
12 to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being
13 served with these findings and recommendations, plaintiff may file written objections with the court.
14 Such a document should be captioned "Objections to Magistrate Judge's Findings and
15 Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
16 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18 IT IS SO ORDERED.

19 Dated:   **June 26, 2009**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

3